IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY KNUTSON,

                Petitioner,

v.                                                  OPINION and ORDER

GEORGE LENZNER,                            24-cv-826-jdp

                Respondent.

---

Jeremy Knutson, proceeding without counsel, is currently detained at the Shawano County Jail after being charged with various crimes including battery, resisting an officer, disorderly conduct, and bail jumping. *State v. Knutson*, Shawano County Case Nos. 2024CF27 and 2024CM33. Knutson seeks a petition for writ of habeas corpus under 28 U.S.C. § 2241, contending that officers violated his Fourth Amendment rights in the course of arresting him, that he is being denied a speedy trial, that his bond is excessive, and that at least some of the charges against him violate his right against double jeopardy.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.[1] Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." In reviewing this petition brought by an unrepresented petitioner, I must read the allegations generously, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Knutson's current petition

---

[1] The § 2254 rules may be applied to other types of habeas cases. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

is not clear enough to warrant a response from the government. I will give Knutson an opportunity to file an amended petition.

This is the third habeas petition that Knutson has brought in this court regarding his pending criminal cases. I denied his previous petitions in part because his claim of false arrest was an issue that he could bring in the underlying state-court proceedings, and he hadn't attempted to exhaust his speedy-trial, excessive-bail, and double jeopardy claims in the state-court system first. *Knutson v. Lenzner*, No. 24-cv-126-jdp, 2024 WL 1619350, at *2 (W.D. Wis. Apr. 15, 2024); *Knutson v. Lenzner*, No. 24-cv-665-jdp, 2024 WL 4695853, at *1 (W.D. Wis. Oct. 24, 2024).

Knutson's current petition suffers from some of the same problems. I cannot consider any of his claims for money damages in this habeas action. And he brings habeas claims about a false arrest that I must abstain from considering because they can be raised in state court. *See Younger v. Harris*, 401 U.S. 37, 49 (1971) (exceptional circumstances to consider a pretrial detainee's habeas petition do not exist when the threatened injury "is solely that incidental to every criminal proceeding brought lawfully and in good faith" (quotation omitted)).

Speedy-trial, excessive-bail, and double jeopardy claims might be the types of exceptional circumstances that could allow this federal court to intervene in state-court criminal proceedings. *See, e.g.*, *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 488 (1973) ("petitioner is entitled to raise his speedy trial claim on federal habeas corpus at this time"); *U.S. ex rel. Garcia v. O'Grady*, 812 F.2d 347, 356–57 (7th Cir. 1987) ((Easterbrook, J., concurring) (excessive-bail claim can be litigated in a habeas action); *Blanck v. Waukesha Cnty.*, 48 F. Supp. 2d 859, 861 (E.D. Wis. 1999) ("Postponing review until after conviction would undermine the purpose of the double jeopardy clause . . . ."). But even then, a detainee must

2

exhaust his claims in the state-court system before this federal court can consider them. *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009).

Unlike Knutson's previous petitions, it is possible that he has exhausted his claims: the state court system's electronic database shows that the Wisconsin Supreme Court has denied review of one of the multiple state-court habeas petitions that Knutson had appealed. *See* Case No. 2024AP1823.[2] Knutson has other habeas petitions that have not been considered by the Wisconsin Supreme Court. Case Nos. 2024AP1072 and 2024AP1456. Based on Knutson's submissions I cannot tell whether he raised his speedy-trial, excessive-bail, and double jeopardy claims in the habeas appeal that is fully exhausted. I will give Knutson a short time to submit an amended petition explaining what claims he has fully exhausted in the state-court system. He should attach copies of his appellate filings and the court rulings.

Knutson has also not properly pleaded his double jeopardy claim. Rule 2(c) of the Rules Governing Section 2254 Cases requires the petitioner to "specify all the grounds for relief" and "state the facts supporting each ground." This means that the petitioner must provide enough facts to cross "some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). Knutson only conclusorily states that his double jeopardy rights are being violated while elsewhere stating that he believes his ten bail jumping charges in Case No. 2024CF27 are multiplicitous. I cannot tell if Knutson means to bring a true double jeopardy claim (that he is being subjected to a second prosecution for the same offense) which is an extraordinary circumstance in which this federal court may intervene, or if he contends that some of his

---

[2] *See* https://wscca.wicourts.gov.

pending charges are duplicative of each other, which is an issue that he can litigate in the trial court without the need for federal-court intervention. When Knutson completes his amended petition he should explain in detail how any of his specific current charges are violating his right against being placed in double jeopardy.

One claim that Knutson should not include in his amended petition is his excessive-bail claim, which would fail on the merits. The standard for granting a habeas petition for this type of claim is high: "the federal courts cannot be expected to conduct a *de novo* bond hearing for every habeas corpus case that comes before it." *U.S. ex rel. Fitzgerald v. Jordan*, 747 F.2d 1120, 1133 (7th Cir. 1984). This is not a direct appeal of the bond hearing. The question is whether the state court acted *arbitrarily* in setting bail. *O'Grady*, 812 F.2d at 352, *Fitzgerald*, 747 F.2d at 1134 ("While we may not necessarily agree with the amount of bail set, we will not overrule the state trial court's determination as to the amount of bail unless its decision was made in an arbitrary manner. Here it was not."). "'What the state court did would have to be beyond the range within which judgments could rationally differ in relation to the apparent elements of the situation.'" *O'Grady*, 812 F.2d at 352 (quoting *Mastrian v. Hedman*, 326 F.2d 708, 711 (8th Cir. 1964)). The electronic record of Case No. 2024CF27 shows that Knutson's bond was initially set at $10,000, lowered to $5,000, and lowered again to its current amount of $1,500.[3] While I am well aware of the increased scrutiny being applied to the practice of cash bail for indigent defendants, this relatively low bond amount is reasonable on its face and Knutson doesn't explain why he thinks it is arbitrary. Knutson isn't entitled to habeas relief on this claim.

---

[3] *See* https://wcca.wicourts.gov.

ORDER

IT IS ORDERED that petitioner Jeremy Knutson may have until December 17, 2024, to submit an amended petition for writ of habeas corpus.

Entered November 26, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge